**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MIRIAM BRICKMAN                        )

              Plaintiff,                    )

                                            )

       v.                                   )

                                            )

TIBURON FINANCIAL, LLC,                )

              Defendant.                    )

**JUDGE ROBINSON**

No. **06 CV 4061**

JURY DEMANDED

2006 MAY 30 AM 9: 58
FILED
U.S. DISTRICT COURT
S.D. OF N.Y.

**COMPLAINT FOR VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

### *Introduction*

1.      In this action, Plaintiff Miriam Brickman seeks redress for Defendant Tiburon Financial, LLC's unfair and deceptive collection activities, committed in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### *Parties*

2.      Brickman is a citizen of the State of New York who resides within this district.

3.      Brickman is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt Tiburon Financial, LLC sought to collect from her is a consumer debt, allegedly incurred by Brickman for personal or household purposes and purportedly owed to Toyota Motor Credit Corporation.

4.      Tiburon Financial is a Nebraska corporation with a principal place of business located at 218A S. 108th Avenue, Omaha, Nebraska 68154.

1

5.    Tiburon Financial does business in this district by routinely sending correspondence into New York State and represents on its letters that it has a New York City Department of Consumer Affairs License Number.

6.    Tiburon Financial is regularly engaged for profit in the collection of debts allegedly owed by consumers.

7.    Tiburon Financial is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA, and identifies itself as such on its collection correspondence.

8.    Tiburon means "shark" in Spanish.

### *Jurisdiction and Venue*

9.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10.    Venue is proper in this district under 28 U.S.C. § 1391(b) as Tiburon Financial transacts business here and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### COUNT I
### *Violations of the FDCPA*

11.    Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-10 as if set forth fully in this Count.

12.    Sometime in or before March 2006, on a date better known by Defendant, Tiburon Financial attempted to collect an alleged debt from Brickman.

13.    Tiburon Financial sent Brickman an initial collection letter dated March 8, 2006, seeking to collect a $1,124.53 balance allegedly owed to Toyota Motor Credit.

2

14.    On or about April 4, 2006, after receiving Tiburon Financial's collection letter, Brickman sent a dispute letter to the agency, explaining that she had already settled her account with Toyota. Brickman further explained that she refused to pay any additional funds because Toyota had already accepted $2,000.00 from her as a settlement in full.

15.    Brickman's April 4, 2006 letter was sent via fax, first class mail, and certified mail, return receipt requested.

16.    Tiburon Financial received Brickman's April 4, 2006 letter on April 7, 2006, as evidenced by the certified mail receipt.

17.    Section 1692c(c) of the FDCPA provides, in relevant part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except -
>
> (1)    to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2)    to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3)    where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

18.    When Tiburon Financial received Brickman's April 4, 2006 letter, it was required to cease all further communications, with the three exceptions noted above.

3

19.     Rather than comply with § 1692c(c), Tiburon Financial continued to try and collect the debt that Brickman explained she had already paid, sending out collection letters on April 11, 2006 and May 10, 2006.

20.     After receiving Brickman's April 4, 2006 letter, Tiburon also embarked upon a series of telephone calls in which it repeatedly demanded payment on the account.

21.     During these telephone calls, Brickman repeatedly advised Tiburon's collectors that: (1) she had disputed the debt in writing; (2) she was disputing the debt orally; (3) she had already paid money to settle the account in full with Toyota; and (4) she refused to pay a penny more.

22.     Instead of ceasing communication, Tiburon's collectors demanded that Brickman send documentation to Tiburon showing that she did not owe any money.

23.     Tiburon's illegal communications caused Brickman great emotional distress in the form of headaches, anxiety, and trouble sleeping.

24.     She was forced to take aspirin to calm her nerves in order to be able to sleep at night.

25.     Tiburon Financial is liable to Ms. Brickman for its violation of § 1692c.

WHEREFORE, Plaintiff Miriam Brickman asks that this Court enter judgment in her favor and against Defendant Tiburon Financial, LLC and award damages as follows:

(A)     The maximum amount of statutory damages provided under the FDCPA, 15 U.S.C. § 1692k;

(B)     Actual damages;

4

(C)   Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

(D)   Any other relief that this Court deems appropriate and just under the circumstances.

### *Jury Demand*

Plaintiff demands trial by jury.

Dated: New York, New York
      May 30, 2006

Respectfully submitted,

Bromberg Law Office, P.C.

By: _____
Brian L. Bromberg (BLB: 6264),
One of Plaintiff's Attorneys

Attorneys for Plaintiff:
Brian L. Bromberg (BLB: 6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY  10005
(212) 248-7906

Lance A. Raphael (LAR: 3625)*
Stacy M. Bardo (SMB: 4426)
Attorneys at Law
180 West Washington, Suite 700
Chicago, IL  60602
(312) 782-5808

* Chicago counsel will move for *pro hac vice* admission as soon as practicable.

5